## Butler *v.* Jones.

Where the sheriff collects money on execution, he is authorized to pay it over to the plaintiff's attorney of record, and such payment will be a discharge of the sheriff, unless he has been expressly notified by the plaintiff not to pay it to the attorney of record.

IN ERROR from the circuit court of the county of La Fayette.

This was a motion, in the court below, by Jones against Butler, sheriff of La Fayette county, for the amount collected by him on execution in his favor against Dickens & Martin, being the sum of one hundred and seventy-three dollars and sixty-five cents. The motion was against Butler and securities, and the court gave judgment against all; but afterwards, because it did not appear, by the requisite evidence, that the persons named were securities, the judgment was set aside as to the securities only, and remains as to Butler.

The execution showed the amount collected, and, by the testimony of the defendant, Dickens, it was proved that, upon application by him to Jones, he agreed to give him (Dickens) indulgence on the balance due on the execution until he could make another crop; and to that effect gave him a letter to the sheriff, in which, at the same time, he said to the sheriff that he did not wish his attorney to receive the money. Afterwards the deputy sheriff called upon him, when he (the witness) informed him what had transpired, and that he had lost the letter. The deputy sheriff went away satisfied. A few days afterwards, at court, the attorney applied to the deputy sheriff for the money which had been collected, when what had been said in the letter was repeated. The attorney said he had seen the defendant since, who had instructed him to have the money made. The attorney applied for

the money which had been made, and threatened to make a motion against the sheriff unless it were paid over; and the sheriff paid it to the said attorney, and took his receipt upon the execution; and upon this ground it is sought to get clear of payment to the plaintiff. The plaintiff in error objected below to the testimony of the witness, but his objection was overruled.

TALIAFERRO for plaintiff in error.

The only questions in this case are, whether the sheriff is protected by the attorney's receipt in paying over moneys collected by virtue of a *fi. fa.*; 2. whether the evidence of S. B. Dickens was properly received.

It appears that sheriff Butler, the plaintiff in error, collected of Samuel B. Dickens the sum of one hundred and seventy-three dollars and seventy-five cents, on a *fi. fa.* in favor of David Jones; that the attorney of record was one David A. Crenshaw, who called on the sheriff for the' money, and threatened him with a motion upon his refusal to pay; that, prior to the payment of the money by the sheriff to the attorney, the defendant (Samuel B. Dickens) presented himself to the sheriff, as the agent of the plaintiff, and represented to him that the plaintiff had agreed to indulge him, the witness; and that the plaintiff had instructed him to say to the sheriff that he need not push the collection of the debt, and also that the plaintiff had written him to that effect, and also directing him (sheriff) to not pay the money to his attorney, but that he (Dickens) had lost the letter, &c.

The sheriff did not recognize the defendant in the execution as the *best* agent for the plaintiff, but preferred the agency of his attorney of record, and paid the money over to him and took his receipt on the *fi. fa.*

If sheriffs are not protected by the receipt of the attorneys of record, for moneys paid, they have but little security. If the plaintiff in the execution had lost confidence in his attorney, (but there was no evidence he had,) he should have dismissed him, and notified the sheriff of such dismissal.

From the evidence of the defendant in the *fi. fa.* it appears that he and the plaintiff's attorney and the sheriff were all together when the conversation took place, and that Crenshaw, the attor-

ney, stated to the sheriff that the plaintiff had instructed him to push the collection of the debt, and that, too, since the defendant had seen him.

From the evidence of Mr. Dickens, admitting it were legal, I think the court erred in rendering judgment against the sheriff for the amount claimed, and twenty-five per cent. damages and interest.

But the court erred in admitting the testimony of Dickens at all. Dickens was the judgment debtor of Jones.    Jones resided in another county, and Dickens's anxiety and care, as to the rights of the plaintiff, were prompted by self-interest, as his evidence shows. He wanted indulgence, and, to secure this indulgence, he visits his creditor, and presents himself to the sheriff in the attitude of agent or attorney for plaintiff, having no other object in view but to get a postponement of the execution.    The plaintiff's attorney was urging the sheriff to collect and pay over.    The witness producing no written instructions from plaintiff, the sheriff was bound to do his duty, and it was right and reasonable that he should look with distrust upon the statements of the witness, interested as he evidently was.

The court erred in pronouncing judgment against the sheriff and his securities, without notice.    See How. & Hut.

The court erred in refusing a new trial and changing the judgment.    The judgment should have stood as to all, or a new trial should have been awarded.

It is a well settled principle of law that an agent must produce his authority when acting as such.


Hughes, for defendant in error.

1. The testimony of the witness Dickens was competent; his testimony was not attempted to be used to charge or to discharge him, upon any part of the execution.    He was not offered to prove the money collected on the execution, that was proven by the execution itself.    He was offered merely to show, that the sheriff had notice not to pay the money collected on the execution to his attorney Crenshaw.    He therefore had no interest in the matter in controversy, was no party, and was subject to no rule which would declare him incompetent.

Butler *v.* Jones.

2. The court did right in giving judgment upon the testimony adduced. The sheriff had collected the money, and had received notice from the plaintiff in the execution not to pay it to the attorney. Is there or can there be any question that the plaintiff may not countermand the authority of his attorney. The attorney is the mere agent of the plaintiff, which agency, like all others, is subject to revocation. It is true while the agency is subsisting, the attorney has full power to receive and receipt for the plaintiff's money; but when the power or authority is taken or withdrawn the agency ceases, and any act done by the attorney will not be binding upon the plaintiff. The sheriff who paid the money to the attorney cannot object, when called upon, to pay to the plaintiff that which he has paid to the attorney, because he knew when he paid to the attorney that the money ought not to be paid to him, having received notice to that effect from the plaintiff through the defendant.

3. We do not know whether it is insisted that the judgment is erroneous, having been rendered against the securities; if it should, however, the answer is, that that error was corrected in the court below.

*Per Curiam.*

The defendant in error made his motion against the plaintiff in error, who was sheriff of Lafayette county for money collected, which was sustained. It appears that Jones had recovered judgment against one Dickens and another, and sued out his execution, which was in the hands of the sheriff. *Dickens* was introduced as a witness for Jones, and testified, that Jones, a short time before court, had agreed to wait with him for his money, and accordingly Jones wrote a note to the sheriff to that effect, which the witness had lost, but when he saw the deputy sheriff he stated the substance of it to him. Jones also wrote that he did not wish his attorney to receive the money, which the witness also told the deputy sheriff. The attorney was informed of the same facts by the witness. The attorney, however, pressed the collection of the money, a part of which was collected and paid over to the attorney, whose receipt for the amount was in evidence. No other material facts were disclosed.

Butler *v.* Jones.

Where the sheriff collects money on execution, he is fully authorized to pay it to the plaintiff's attorney of record, and the payment made to the attorney in this instance was a discharge to the sheriff, unless he had been notified by the plaintiff that he had changed his attorney, and that the money was not to be paid to the attorney of record. The evidence is, that Jones stated that he did not wish his attorney to receive it. This declaration was too loose and indefinite to amount to instructions not to pay it to him.

Judgment reversed.